IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

WILIAN MEJIA ROMERO,

    Plaintiff,

v.     Civil Action No. 1:16-cv-01039

GRANITE CENTER, LLC,

    Defendant.

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment.

Granite Center, LLC ("Defendant") fabricates and installs granite stone countertops for residential and commercial customers. In March 2013, Defendant hired Wilian Mejia Romero ("Plaintiff") to perform granite installation services as a subcontractor. Plaintiff typically worked in a team of two at a customer's home or office. On an average work day, Plaintiff would clock in at Defendant's office, travel to his worksite and perform an installation, and then return to Defendant's office and clock out. Plaintiff was paid hourly, and he generally tracked his hours using his fingerprint on a biometric

timeclock. If Plaintiff arrived at the office after closing, he would leave a note indicating the time he was clocking out.

Defendant had a policy requiring all employees to take a one hour lunch break, which was not paid. Plaintiff alleges that he could not take a lunch break and still complete his job on time, so he rarely took a lunch break. At Plaintiff's request, Defendant changed the lunch break policy from one hour to thirty minutes. Plaintiff alleges that he regularly worked more than forty hours per week without being paid overtime compensation.

In January 2016, the Department of Labor ("DOL") began an investigation into Defendant's employment practices. Along with interviewing various employees, the DOL reviewed the employment records kept by Defendant, including time records, pay records, and tax records. The DOL never interviewed Plaintiff.

In June 2016, Defendant's business was slow, and one of the owners, Mr. Karaman, sent Plaintiff a text message telling him to not come to work until Defendant had more installation jobs. Plaintiff responded with a series of texts containing obscene language. After the series of inappropriate texts, Defendant never asked Plaintiff to perform another installation and terminated Plaintiff's employment.

In August 2016, the DOL concluded its investigation and determined that some employees were owed compensation. Defendant entered into a settlement agreement with the DOL. As part of the

settlement, the DOL provided Defendant with the forms required for each employee that the DOL determined was owed compensation. Plaintiff, who was entitled to some further compensation, went to Defendant's office and received two Form WH-58 documents. One of the forms was in English and the other form was in Spanish.

Plaintiff signed the form, which released his claims against Defendant for any unlawful employment practices. The form specifically states that an employee who signed the form waived any right to sue Defendant for payment of minimum wages or overtime compensation for the period from February 1, 2014, through December 19, 2015. When he received and signed the Form WH-58, Plaintiff also received and then cashed two checks. The first check was in the amount of $3,692.22, which was in the amount of gross wages owed minus deductions, and the second check was $5,550.81, which was identified as liquidated damages.

After signing the form and cashing the checks, Plaintiff filed a Complaint in this Court on August 12, 2016, against Defendant asserting three causes of action: (1) failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), (2) failure to pay minimum wages in violation of the FLSA, and (3) retaliatory termination in violation of the FLSA. On May 9, 2017, Defendant moved for summary judgment, and this matter is ripe for resolution.

3

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The FLSA requires employers to pay non-exempt employees at least the minimum wage and restricts the maximum hours an employee can work without receiving overtime compensation. Trejo v. Ryman Hosp. Properties, Inc., 795 F.3d 442, 446 (4th Cir. 2015). If an employer fails to pay minimum wage or overtime compensation, the employee is entitled to the amount of his unpaid wages and in some circumstances an equal amount in liquidated damages. Id. There is a two-year statute of limitations on FLSA claims unless a plaintiff proves that the defendant willfully violated the FLSA. See 29 U.S.C. § 255(a).

Here, Defendant is entitled to summary judgment as a matter of law because Plaintiff has no actionable claims against

4

Defendant. There are three relevant time frames at issue: (1) from when Plaintiff was hired until February 1, 2014; (2) from February 1, 2014 until December 19, 2015; and (3) from December 19, 2015 until Plaintiff was terminated. Plaintiff filed his Complaint on August 12, 2016, which was more than two years after the first time-frame. Accordingly, any claims from the first time period are barred by the two-year statute of limitations unless Plaintiff proves that Defendant willfully violated the FLSA. Plaintiff has failed to prove that Defendant willfully violated the FLSA during this time period. Thus, Plaintiff's claims, if any, from the first period are barred by the statute of limitations.

Next, Plaintiff waived his claims from the second period of time, the period from February 1, 2014, until December 19, 2015. If an employee accepts payment for unpaid wages pursuant to a DOL settlement, the employee releases any claims he may have had for unpaid wages. See 29 U.S.C. § 216(c). The DOL investigated Defendant and found that Plaintiff was entitled to certain sums of unpaid wages. Defendant provided Plaintiff with two waivers, one in Spanish and one in English. Plaintiff signed the waiver form and cashed the two checks for the amount of unpaid wages and liquidated damages that he was owed. Thus, Plaintiff has no claim for unpaid wages from this time period.

Furthermore, Plaintiff does not have an actionable claim for the third period of time, the period from December 19, 2015, until Plaintiff was terminated in June 2016. The employee has the burden to establish: (1) that he worked overtime without compensation, and (2) the amount and extent of his overtime hours. Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986). To be liable for overtime wages, the employer must have either actual or constructive knowledge that an employee worked overtime but did not receive overtime compensation. See Bailey v. Cty. of Georgetown, 94 F.3d 152, 157 (4th Cir. 1996). Plaintiff's failure to pay claim is based on his bald assertion that he worked through lunchtime without being paid, but the evidence does not support a finding of liability against Defendant.

It is undisputed that Defendant had a policy requiring employees to take a lunch break. At Plaintiff's request, Defendant reduced the lunch break from one hour to thirty minutes. Plaintiff could use these thirty minutes however he wanted because Defendant did not require him to perform any services during this time. Accordingly, Plaintiff's argument fails both because he was not required to perform work on behalf of Defendant during this time and because Plaintiff has not proven that Defendant had actual or constructive knowledge that Plaintiff was violating company policy by not taking a break.

Finally, Plaintiff's claim for retaliation fails as a matter of law. To establish a prima facie case of retaliation under the FLSA, a plaintiff must prove that (1) he engaged in protected activity; (2) defendant took adverse action against him; and (3) there is a causal connection between the protected activity and the adverse action. Darveau v. Detecon, Inc., 515 F.3d 334, 340 (4th Cir. 2008). Plaintiff cannot prove that he engaged in protected activity or that his termination was causally connected to any alleged protected activity. A complaint must place the employer on notice of an alleged violation. Minor v. Bostwick Labs., Inc., 669 F.3d 428, 439 (4th Cir. 2012). This requires a level of formality beyond simply "letting off steam." Id.

In this case, Plaintiff complained on several occasions to Defendant that he was not paid for all of the hours he worked, but he failed to complain that a specific statute was violated by Defendant's conduct. Without more, Plaintiff's actions are not protected activity. But even if this was protected activity, Plaintiff did not prove that this alleged protected activity was causally connected to his termination. To the contrary, the evidence shows that Plaintiff was terminated because of his profane language in response to Defendant's texts about lack of work. Accordingly, Defendant had a legitimate reason for terminating Plaintiff that was unrelated to any protected

7

activity. Thus, Plaintiff has failed to prove his retaliation claim.

In sum, Defendant is entitled to summary judgment as a matter of law because Plaintiff has not and cannot prove that he has an actionable claim on any count. Therefore, for the foregoing reasons, Defendant's Motion for Summary Judgment on all counts should be GRANTED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 19, 2017